IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 7:20-CV-351 |
| 0.236 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND CAROL FRANK KLINE, TRUSTEE OF THE CAROL FRANK KLINE U/W, ET. AL. | § § § § § § § § | |
| *Defendants.* | § | |

## AMICUS BRIEF REGARDING OWNERSHIP OF SUBJECT PROPERTY

**COMES NOW** the United States of America and respectfully submits this brief in its role as *amicus curiae* regarding ownership issues in response to the discussion during the initial pretrial and scheduling conference and the Order Setting Video Status Conference[1]:

### STATEMENT OF FACTS

1. In July 2018, the United States obtained a right-of-entry for survey of real property identified as Tract RGV-WSL-2010 (hereinafter "Subject Property") from presumed owner Diana Cardenas.[2] During title review, it was discovered that there were issues necessitating the filing of the instant suit. In order to clear title to the Subject Property, the United States filed a Declaration of Taking for the condemnation of a fee simple interest in Tract RGV-WSL-2010 on November 3,

---

[1] Dkt. No. 17.
[2] Ex. 1. Right-of-Entry for survey signed by Diana Cardenas.

2020.[3] On November 12, 2020, the United States deposited $10,000.00 into the Registry of the Court as estimated just compensation for Tract RGV-WSL-2010.[4]

**ISSUE TO BE DECIDED**

2.  The only issues remaining in this case are the determination of (1) the identification of the parties entitled to just compensation for the taking of the Subject Property and (2) the amount of just compensation to be paid for the property. It is the first of these issues the United States briefs for the Court.

3.  It is well-established that federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation. *United States v. 22,680 Acres of Land in Kleberg Cty., Tex.*, 438 F.2d 75, 77 (5th Cir. 1971); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950). In construing Federal Rule of Civil Procedure 71.1(h) [then Rule 71A(h)], the United States Supreme Court explained:

> The Rule provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented . . . It is for him to decide 'all issues' other than the precise issue of the amount of compensation to be awarded.

*United States v. Reynolds*, 397 U.S. 14, 19-20 (1970). Federal courts look to the substantive law of the state in which the property is located to determine a party's interest in land. *See United States ex. rel. Tennessee Valley Authority v. Powelson,* 319 U.S. 266, 279 (1943). Where more than one party claims ownership of land, the burden is on the claimant to establish his or her right to the property in question. *See United States v. Lee,* 360 F.2d 449, 452 (5th Cir. 1966). Plaintiff takes no advocacy position regarding title matters in its role as *amicus curiae*. *See United States v. Certain Lands in Town of Hempstead*, 129 F.2d 918, 920 (2d Cir. 1942).

---

[3] Dkt. No. 2.
[4] Dkt. No. 11.

**ANALYSIS**

4. Although the United States takes no advocacy position regarding ownership of the Subject Property, it offers the following analysis of the available title evidence in its role as *amicus curiae*:

5. The United States thoroughly reviewed the real property and probate records of Hidalgo County, Texas, and observed the following transactions involving the Subject Property over the past ninety-four years:

6. In 1927, A.G. Walker and his wife, Ella Malinda Walker, executed a general warranty deed transferring multiple tracts of land, including their interest in "all that certain small tract West of the Wm. Brewster Tract out of Lot 32, of the San Juan Plantation Subdivision, out of Porciones Nos. 71 and 72, in Hidalgo County, Texas" (hereinafter "Parent Tract") to L.P. Peck.[5] The U.S. Army Corps of Engineers created the map below detailing the Parent Tract and Subject Property.



---

[5] Ex. 2. General Warranty Deed, Document # 1927-2540399, Volume 254, Pages 399–400, recorded in the real property records of Hidalgo County, Texas, on July 20, 1927.

7. In 1932, L.P. Peck executed a warranty deed transferring his interest in the Parent Tract to Celine M. Peck.[6]

8. In 1952, Celine M. Peck died testate.[7] The United States could not locate any transfers of her interest in the Parent Tract in the real property records of Hidalgo County, Texas. According to her Last Will and Testament, she devised and bequeathed all property, whether real, personal or mixed, to her nephews, Simon M. Frank and Leonard A. Frank.[8]

9. In 1976, Simon M. Frank died testate.[9] According to his Last Will and Testament, he devised and bequeathed all his interest in real property to his wife, Hannah Ruth Frank, in fee simple absolute.[10]

10. In 2011, Hannah Ruth Frank died testate.[11] Her two children, Rosalind C. Frank and Robert L. Frank, were named independent co-executors of her estate and co-trustees of all trusts created by their mother's will.[12]

11. In 2003, Leonard A. Frank died testate.[13] Carol Frank Kline was named executrix of his estate.[14]

12. Counsel for the United States contacted Robert L. Frank, who requested that his family be named on Schedule "G" of the Declaration of Taking as follows: (1) Carol Frank Kline, Trustee

---

[6] Ex. 3. Warranty Deed, Document # 1932-14808, Volume 360, Page 60, recorded in the real property records of Hidalgo County, Texas, on February 27, 1932.
[7] Ex. 4. Last Will & Testament of Celine M. Peck. Document # 1952-18568, Volume 760, Page 19, recorded in the real property records of Hidalgo County, Texas, on December 4, 1952.
[8] *Id.*
[9] *See* Ex. 5. Cause No. 139763, *Estate of Simon M. Frank, Deceased*, in the Probate Court No. 1 of Harris County, Texas.
[10] *Id.*
[11] Ex. 6. Cause No. 403169, *Estate of Hannah Ruth Frank, Deceased*, in the Probate Court No. 4 of Harris County, Texas.
[12] *Id.*
[13] Ex. 7. Cause No. 03-3195-1, *Estate of Leonard A. Frank, Deceased*, in the Probate Court No. 1 of Tarrant County, Texas.
[14] *Id.*

of the Carol Frank Kline Trust U/W, (2) Robert L. Frank & Rosalind C. Frank, Co-Trustees of the Rosalind C. Frank Trust U/W, and (3) Robert L. Frank, Trustee of the Robert L. Frank Trust U/W.

13. During the course of its extensive pre-litigation title search, the United States discovered that in 2001, Elvira (Jackson) Reyna Cardenas executed a deed conveying the Eli Jackson-Brewster Cemetery to Diana Cardenas.[15] The deed did not contain a metes and bounds description of the Eli Jackson Cemetery and as such, the United States is unable to determine with certainty whether any portion of the Subject Property is encompassed in said deed. The Eli Jackson Cemetery is contained within the Parent Tract and is immediately to the south of the Subject Property as depicted below.



---

[15] Ex. 8. Deed, Document # 2001-965713 recorded in the real property records of Hidalgo County, Texas, on May 1, 2001.

14. The Hidalgo County Appraisal District records indicate that the Subject Property is contained within an approximate 1.75-acre tract referenced as Tax Parcel ID # 1183964.[16] The owner of record is listed as the "Eli Jackson Cemetery."[17] The Subject Property is exempt from taxes due to its status as a cemetery.[18] To that end, the Hidalgo County Tax Assessor-Collector executed a disclaimer and was dismissed from the case.[19]

15. Based on the aforementioned recitations, it appears that title to the Subject Property was either held by:

(a) Carol Frank Kline, Trustee of the Carol Frank Kline Trust U/W, Robert L. Frank & Rosalind C. Frank, Co-Trustees of the Rosalind C. Frank Trust U/W, Robert L. Frank, Trustee of the Robert L. Frank Trust U/W

or

(b) Diana Cardenas.

## CONCLUSION

The United States prays this Court enter an order determining ownership of the Subject Property prior to its condemnation.

---

[16] Ex. 9. Hidalgo County Appraisal District Records.
[17] *Id.*
[18] *Id.*
[19] Dkt. Nos. 12 & 13.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/ N. Joseph Unruh*
**N. JOSEPH UNRUH**
Assistant United States Attorney
Southern District of Texas No. 1571957
Texas Bar No. 24075198
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Neil.Unruh@usdoj.gov
Attorney in Charge for the United States

## CERTIFICATE OF SERVICE

I, N. Joseph Unruh, Assistant United States Attorney for the Southern District of Texas, hereby certify that on February 25, 2021, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

*s/ N. Joseph Unruh*
N. JOSEPH UNRUH
Assistant United States Attorney